dent, or because it is not what it was intended to be, but because the parties have innocently mistaken the law. No case has been cited at the argument, which supports such a doctrine; and the existence of such a case is not to be presumed. It would, I imagine, be a new head in equity, that, because the security chosen by the party turned out in the event to be ineffectual without fraud, therefore a court of equity would substitute a new security, and give the party the same benefit as he might have had, if he had been more vigilant, or had been better instructed in the law. The cases, where relief has been granted upon the ground of mistake, are in general upon mistake as to facts, or where the instrument is not, what the parties in point of fact intended. Bishop v. Church, 2 Ves. Sr. 100; Id. 371; Thomas v. Frazer, 3 Ves. 399; Burn v. Burn, Id. 573; Gray v. Chiswell, 9 Ves. 118, 125; Underhill v. Horwood, 10 Ves. 209, 227, 228; Devaynes v. Noble (Sleech's Case) 1 Mer. 539, 564; Sumner v. Powell, 2 Mer. 30, 36; Ramsbottom v. Gosden, 1 Ves. & B. 165; Jalabert v. Duke of Chandos, 1 Eden, 372; Henkle v. Royal Exchange Assur. Co., 1 Ves. Sr. 317. Lord Eldon in Underhill v. Horwood (10 Ves. 209, 227) said: "I know both in causes, and in bankruptcy, where there is a joint bond, the court has sometimes inferred from the nature of the condition and the transaction, that it was made joint by mistake. But that turns upon this, that the instrument, though joint only, was intended to be both joint and several, and therefore the court will make it what it was intended to be. But I never understood, that though upon the ground of mistake this court would reform the instrument, therefore it would hold, that the instrument has a different effect from that, which belongs to it at law." Lord Thurlow in Irnham v. Child (1 Brown, Ch. 92) refused to add a new term to an agreement upon the ground, that it was omitted intentionally upon a mistake of the law; and the master of the rolls adhered to that in a subsequent determination. Lord Portmore v. Morris, 2 Brown, Ch. 219. Lord Eldon in the Marquis of Townshend v. Stangroom (6 Ves. 328, 332) said: "Lord Irnham v. Child went upon an indisputably clear principle, that the parties did not mean to insert in the agreement a provision for redemption, (of an annuity) because they were all of one mind, that it would be usurious; and they desired the court, not to do what they intended, for the insertion of that provision was directly contrary to their intention; but they desired to be put into the same situation, as if they had been better informed, and consequently had a contrary intention." This language is strongly applicable to the case before the court. Here the parties did not intend to execute a mortgage, for that was waived; but the plaintiff took just such a security as he thought sufficient, upon his own notion of the law; and he now in effect asks the court to give him the same rights, as if he elected a mortgage. Mr. Chancellor Kent has pointedly stated the doctrine, that "courts do not undertake to relieve parties from their acts and deeds fairly done on a full knowledge of facts, though under a mistake of the law. Every man is to be charged at his peril with a knowledge of the law. There is no other principle, which is safe and practicable in the common intercourse of mankind." Lyon v. Richmond, 2 Johns. Ch. 51, 60.

In every view which I have been able to take of this case, I can perceive no ground for the interference of a court of equity. Here was no mistake in the execution of the instruments. They expressed exactly, what the parties intended they should express. The security was the choice of the plaintiff. In the event it has turned out unproductive; but this is his misfortune, and affords no ground to give him a preference over other creditors. I am of opinion, that the demurrer is well taken, and that the bill ought to be dismissed. Bill dismissed with costs.

[NOTE. An appeal was then taken by the plaintiff to the supreme court, where the decree was reversed in an opinion by Mr. Chief Justice Marshall, who said: "We find no case which we think precisely in point, and are unwilling, where the effect of the instrument is acknowledged to have been entirely misunderstood by both parties, to say that a court of equity is incapable of affording relief." The case, however, being one in which creditors were concerned, the court, instead of giving a final decree for the plaintiff, directed the cause to be remanded so that defendants might withdraw their demurrer and file an answer. As to what is meant by "a power coupled with an interest," it was held that the interest, which will protect a power after the death of the person creating it is one in the thing itself, and not in that which is produced by the exercise of the power. 8 Wheat. (21 U. S.) 174. See, also, Cases Nos. 6,889 and 6,897.]

---

## Case No. 6,899.

### HUNT v. SMITH.

[3 Cranch, C. C. 432.][1]

Circuit Court, District of Columbia. May Term, 1829.

VENDOR AND PURCHASER — LIABILITY OF VENDOR FOR TAXES ASSESSED AFTER CONVEYANCE.

A vendor of a city lot in August, is not liable to the vendee for taxes for that year, not assessed until November, and not payable until the first of January following.

The plaintiff [H. Hunt] purchased city lots of the defendant [R. Smith] in August, 1827, and afterwards was obliged to pay the city taxes for the year 1827. These taxes were not assessed until November, 1827, and were not payable until the 1st of January, 1828. This suit was brought to recover the amount of those taxes from the defendant, the vendor; but

THE COURT (THRUSTON, Circuit Judge, absent,) decided that he was not liable. Nonpros.

[1] [Reported by Hon. William Cranch, Chief Judge.]